FILED

1 | DAVID A. DILLARD, CA Bar No. 97515
CHRISTIE, PARKER & HALE, LLP
2 | 655 N. Central Avenue, Suite 2300
Post Office Box 29001
3 | Glendale, California 91209-9001
Telephone: (626) 795-9900
4 | Facsimile: (626) 577-8800

2013 MAR 13 PM 1:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

5 | Attorneys for Plaintff,
IRONCLAD PERFORMANCE WEAR CORPORATION

BY_____

6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11 | IRONCLAD PERFORMANCE WEAR      Case No. CV 13-01806-MRP (JEM)
CORPORATION, a California
12 | corporation,
13 |           Plaintiff,            COMPLAINT FOR
                                    TRADEMARK AND TRADE
14 |      vs.                       DRESS INFRINGEMENT, FALSE
                                    DESIGNATION OF ORIGIN,
15 | ABEL UNLIMITED INC., a Florida  UNFAIR COMPETITION AND
corporation,                    FALSE ADVERTISING
16
17 |           Defendant.
18
19
20 | **I.   JURISDICTION.**
21 |      1.   This is an action for trademark, trade dress infringement and false
22 | designation of origin pursuant to 15 U.S.C. § 1114(1), 1125(a) and Cal. Bus. &
23 | Prof. Code Section 14320; false advertising and violation of 15 U.S.C. §1125
24 | Cal.) and Cal. Bus. & Prof. Code sections 17500 et seq.; and law unfair
25 | competition under Cal. Bus. & Prof. Code Sections 17200 et seq. and the
26 | common law of California.   This Court has jurisdiction under 15 U.S.C.
27 | §1121(a), 28 U.S.C. §§ 1338(a) and (b).   This Court has supplemental
28 | jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1267(a).

-1-

2.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**II.    PARTIES.**

3.    Plaintiff, Ironclad Performance Wear Corporation ("Ironclad") is a corporation organized and existing under the laws of the State of California having a principal place of business at 2201 Park Place, Suite 101, El Segundo, California.

4.    On information and belief, Defendant Abel Unlimited, Inc. is a Florida corporation having a place of business at 2020 Seabird Way, Riviera Beach, Florida, 33404.

**III.    FACTUAL BACKGROUND.**

5.    Since 1998, Plaintiff has been engaged and is presently engaged in the distribution of various types of gloves and work wear.

6.    One or more models of Ironclad's products, including without limitation the KONG® series of gloves, feature unique designs appearing on the back of the fingers and hand as well as the light and dark contrast of the designs and their color schemes (the "Ironclad Trade Dress").  Photocopies of the Plaintiff's gloves having the Ironclad Trade Dress are attached hereto as Exhibit A.

7.    The Ironclad Trade Dress is nonfunctional and distinctive.

8.    The Ironclad Trade Dress has acquired secondary meaning.

9.    Members of the consuming public in the United States associate gloves featuring the Ironclad Trade Dress with products from Ironclad.

10.    Abel has marketed, advertised, distributed, and sold in this District and elsewhere, and continues to market, advertise, distribute, and sell in this District and elsewhere, one or more models of gloves, including without limitation the 4897 Mechanics Glove (the "Trade Dress Accused Products") that include a trade dress extremely similar or the same as to the Ironclad Trade

CHRISTIE, PARKER & HALE, LLP

Dress. A photocopy of a Trade Dress Accused Product sold by Defendant is attached hereto as Exhibit B.

11. Ironclad's sale of gloves featuring the Ironclad Trade Dress predates Abel's sale of the Trade Dress Accused Products.

12. Ironclad has used the trademarks and service mark IRONCLAD in its business and in connection with the sale of Ironclad gloves since 1998.

13. Plaintiff's IRONCLAD gloves are sold through a variety of marketing channels, including the internet, independent distributors, hardware stores, home improvement stores and catalogues.

14. Ironclad is the owner of United States trademark registration No. 2,522,538 for the mark IRONCLAD, for use with "performance wear, namely, gloves for use in the construction industry." This registration is valid and existing on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the registration and notice of the assignment of that registration to Interactive Health is attached hereto as Exhibit C.

15. Ironclad is the owner of United States trademark registration No. 3,353,295 for the mark IRONCLAD, for use with gloves and other specified goods. This registration is valid and existing on the Principal Register of the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the registration and notice of the assignment of that registration to Interactive Health is attached hereto as Exhibit D.

16. Ironclad has been careful, skillful and diligent in the conduct of its business and has maintained uniform standards of high quality in its goods. As a result of these efforts, the trademark mark IRONCLAD has acquired a public acceptance and reputation, thereby creating public goodwill that inures to Ironclad 's benefit.

17. Notwithstanding and with full knowledge of Ironclad's business and

CHRISTIE, PARKER & HALE, LLP

Ironclad's rights in the trademark IRONCLAD, Defendant has conducted business and have advertised, offered for sale and sold, in this District and elsewhere, gloves using the mark IRONWEAR, which is confusingly similar to the trademark IRONCLAD, in connection with the offering goods for sale nationwide, in this District and elsewhere in the United States, that are nearly identical and directly competitive with the Ironclad Products. A true and correct copy of printouts from a website operated by Abel showing a sample of Abel's gloves bearing a mark confusingly similar to Ironclad's trademark is attached hereto as Exhibit B.

18. Abel' use of a mark confusingly similar to IRONCLAD has been and is without the consent or authorization of Ironclad.

19. On information and belief, Abel continues to infringe Plaintiff's trademark and trade dress rights as described above.

## FIRST CLAIM FOR RELIEF

### Trade Dress Infringement

20. Plaintiff repeats and realleges paragraphs 1 through 19 hereinabove.

21. The designs appearing on the back of the fingers and hands of Plaintiff's KONG® series of gloves as well as the light and dark contract of the designs and their color schemes constitutes protectible trade dress.

22. As a result of the promotion and extensive sales of Plaintiff's KONG® series gloves, the consuming public has come to recognize the Trade Dress of Plaintiff's KONG® series gloves as designating a single source of origin.

23. Defendant's use of a glove design which is a blatant copy of Plaintiff's KONG® series glove design is intended to and is likely to cause confusion that Defendant's 4897 Mechanics gloves are made by, sponsored by, or affiliated with Plaintiff.

24. On information and belief, Defendant has knowledge of the

CHRISTIE, PARKER & HALE, LLP

commercial success of Plaintiff's KONG® series of gloves.

25. The above-described acts of Defendant constitute false designation of origin and trade dress infringement in violation of 15 U.S.C. 25(a) in that Defendant has used in connection with its goods a false designation of origin tending to falsely describe or represent the same as originating from Plaintiff and has caused such goods to enter into interstate commerce.

26. Plaintiff is being damaged and is likely to be damaged in the future by Defendant's actions by reason of the likelihood that purchasers will be confused as to the source, sponsorship, or affiliation of Defendant's Trade Dress Accused Products.

27. Defendant has unfairly profited from the actions alleged herein and will continue to be unjustly enriched unless and until such conduct is enjoined.

28. By reason of Defendant's act alleged herein, Plaintiff has and will suffer  damage to its business reputation and goodwill and the loss of sales and profits Plaintiff would have made but for Defendant's acts.

29. By reason of Defendant's acts alleged herein, Plaintiff has suffered and will suffer irreparable harm unless and until Defendant's conduct is enjoined.

30. Defendant's acts alleged herein were willful and taken in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF

### (Infringement of Federally Registered Trademarks)

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint.

32. Ironclad's mark IRONCLAD is valid and inherently distinctive, and is also presumed to be valid, distinctive, and the property of Ironclad, due to its registrations on the Principal Register of the USPTO.

33. Abel's use of a mark confusingly similar to IRONCLAD, in this

CHRISTIE, PARKER & HALE, LLP

District and elsewhere, alone or in combination with other words and other items, is likely to cause confusion that Abel's goods emanate from or are sponsored or authorized by Ironclad.

34. Abel's above-described acts constitute infringement of a registered trademark in violation of 15 U.S.C. Section 1114(1), in that Abel has used in connection with its goods, a trademark mark which is likely to cause confusion or mistake or to deceive the public that Abel's goods are authorized, sponsored by, or affiliated with Ironclad, and Abel has caused such goods to enter into commerce which may be regulated by Congress.

35. Ironclad has been damaged and is likely to be damaged in the future by Abel's infringement by reason of the likelihood that prospective purchasers and purchasers of Abel's goods will be confused as to the source, sponsorship, or affiliation of the Ironclad Products and/or Abel's goods.

36. Abel has unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

37. By reason of Defendant's acts alleged herein, Ironclad has suffered damage to its business goodwill.

38. By reason of Abel's acts alleged herein, Ironclad has suffered and will suffer irreparable harm in the future unless and until Defendant's conduct is permanently enjoined.

39. Defendant's acts alleged herein were willful and taken in conscious disregard of Ironclad's rights.

40. This is an exceptional case within the meaning of 15 U.S.C. Section 1117(a).

## THIRD CLAIM FOR RELIEF

### (Infringement of Unregistered Trademarks)

41. Plaintiff repeats and realleges paragraphs 1 through 40 of this

-6-

Complaint.

42. Ironclad's unregistered trademarks IRONCLAD, IRONCLAD stylized and IRONCLAD and design are inherently distinctive and have acquired distinctiveness as a result of its use by Ironclad.

43. Abel's use of marks confusingly similar to Ironclad's registered trademarks is likely to cause confusion that Defendant's goods are sponsored or authorized by or affiliated with Ironclad.

44. Abel's above-described acts constitute infringement of a registered trademark in violation of 15 U.S.C. Section 1125(a), in that Abel has used in connection with its goods, a trademark mark which is likely to cause confusion or mistake or to deceive the public that Abel's goods are authorized, sponsored by, or affiliated with Ironclad, and Defendant Abel has caused such goods to enter into commerce which may be regulated by Congress.

45. Ironclad has been damaged and is likely to be damaged in the future by Abel's infringement by reason of the likelihood that prospective purchasers and purchasers of Abel's goods will be confused as to the source, sponsorship, or affiliation of the Ironclad Products and/or Defendant's goods.

46. Abel has unfairly profited from the acts alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

47. By reason of Defendant's acts alleged herein, Ironclad has suffered damage to its business goodwill.

48. By reason of Defendant Abel's acts alleged herein, Ironclad has suffered and will suffer irreparable harm in the future unless and until Defendant's conduct is permanently enjoined.

49. Defendant's acts alleged herein were willful and taken in conscious disregard of Ironclad's rights.

50. This is an exceptional case within the meaning of 15 U.S.C. Section

CHRISTIE, PARKER & HALE, LLP

1117(a).

## FOURTH CLAIM FOR RELIEF

### California Statutory Unfair Trade Practices

51.  Plaintiff repeats and realleges paragraphs 1 through 50 of this Complaint.

52.  The above-described conduct of Defendant constitutes unfair trade practices under California Business and Professions Code § 17200, et seq.

53.  As a result of the actions of Defendant, Plaintiff has suffered and will continue to suffer irreparable harm unless and until Defendant's conduct is enjoined.

## FIFTH CLAIM FOR RELIEF

### Common Law Unfair Competition

54.  Plaintiff repeats and realleges Paragraphs 1 through 53 hereinabove.

55.  The above-described conduct of Defendant constitutes unfair competition under the common law of the State of California.

56.  Because Defendant's conduct has been intentional and willful and in conscious disregard of the rights of Plaintiff and others, Plaintiff is entitled to punitive damages against Defendant.

## SIXTH CLAIM FOR RELIEF

### (False Advertising)

57.  Plaintiff repeats and realleges Paragraphs 1 through 56 hereinabove.

58.  Abel does not own a federal registration for the mark IRONWEAR with respect to gloves.  On information and belief, notwithstanding Abel's lack of federal registration for IRONWEAR for gloves, Abel knowingly and willfully uses the ® in connection with the IRONWEAR mark appearing on Defendant's gloves in an attempt to deceive or mislead consumers in the trade into believing that the mark is federally registered for use on the gloves and that Abel has a legal right to use the mark.  Such action constitutes misuse of the

CHRISTIE, PARKER & HALE, LLP

federal registration symbol ® and false advertising in violation of 15 U.S.C. § 1125(a).

59.   Ironclad has been damaged and is likely to be damaged in the future by such Abel's false advertising.

60.   Abel has unfairly profited from the false advertising alleged herein and will be unjustly enriched in the future unless and until such conduct is permanently enjoined.

61.   By reason of such Abel's false advertising alleged herein, Ironclad has suffered damage to its business goodwill.

62.   By reason of such Abel's false advertising alleged herein, Ironclad has suffered and will suffer irreparable harm in the future unless and until such Abel's conduct is permanently enjoined.

63.   Such Abel's false advertising alleged herein was and is willful and committed in conscious disregard of Ironclad's rights.

64.   This is an exceptional case within the meaning of 15 U.S.C. Section 1117(a).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1.       For a temporary and permanent injunction prohibiting Defendant from further infringing Plaintiff's trade dress and its federally registered and unregistered trademark and from further falsely advertising pursuant to 15 U.S.C. Section 1116 and Cal. Bus. & Prof. Code Section 17200 *et seq.*, and requiring Defendant to deliver up to Plaintiff for destruction any and all gloves that bear the trademark IRONWEAR or that have a trade dress confusingly similar to that of Plaintiff's KONG® series of gloves, and that are in Defendant's possession, custody or control, as well as any promotional literature and packaging which displays or promotes such infringing products, pursuant to 15 U.S.C. Section 1118 and Cal. Bus. & Prof. Code Section 17200 *et seq.*;

CHRISTIE, PARKER & HALE, LLP

-9-

1    2.    For an accounting by Defendant and an award of actual

2    damages sustained by Ironclad and all profits realized by Defendant by

3    reason of its infringement of Ironclad's trademark and trade dress, and that

4    such damages and/or profits be trebled and/or enhanced to the maximum

5    amount provided by law, all as pursuant to 15 U.S.C. Section 1117(a) and

6    California common law;

7    3.    For punitive damages under California common law;

8    4.    For prejudgment interest on all infringement damages,

9    pursuant to 15 U.S.C. Section 1117(b);

10    5.    For all Plaintiff's costs of this Action and Plaintiff's attorneys'

11    fees;

12    6.    For such other or further relief as the Court may deem just and

13    proper.

14                          Respectfully submitted,

15                          **CHRISTIE, PARKER & HALE, LLP**

16

17    DATED:  March 13, 2013        By _____
                                        David A. Dillard

18
19                          **655 N. Central Avenue, Suite 2300**
                            **Post Office Box 29001**
20                          **Glendale, California 91209-9001**
                            **(626) 795-9900**

21                          Attorneys for Plaintff,
                            IRONCLAD PERFORMANCE WEAR
22                          CORPORATION

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-10-

1

## JURY DEMAND

2

Plaintiff hereby requests a jury trial in this action.

3

Respectfully submitted,

4

**CHRISTIE, PARKER & HALE, LLP**

5

6

DATED:  March 13, 2013

By _____
David A. Dillard

7

8

**655 N. Central Avenue, Suite 2300**
**Post Office Box 29001**
**Glendale, California 91209-9001**
**(626) 795-9900**

9

10

Attorneys for Plaintff,
IRONCLAD PERFORMANCE WEAR
CORPORATION

11

12

RG PAS1217674.1-*-03/13/13 9:20 AM

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



EXHIBIT A
PAGE 12



EXHIBIT A
PAGE 13

# EXHIBIT B



EXHIBIT _B_
PAGE _13_

# EXHIBIT C

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,522,538
Registered Dec. 25, 2001

### TRADEMARK
### PRINCIPAL REGISTER

## IRONCLAD

IRONCLAD PERFORMANCE WEAR CORP. (CA-
LIFORNIA CORPORATION)
12506 BEATRICE STREET
LOS ANGELES, CA 90066

FOR: PERFORMANCE WEAR, NAMELY,
GLOVES FOR USE IN THE CONSTRUCTION IN-
DUSTRY, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-4-2000; IN COMMERCE 1-4-2000.

SER. NO. 76-249,995, FILED 4-30-2001.

GEORGE LORENZO, EXAMINING ATTORNEY

EXHIBIT _C_
PAGE _14_

# EXHIBIT D

Int. Cls.: 8, 9, and 25

Prior U.S. Cls.: 21, 22, 23, 26, 28, 36, 38, 39, and 44

## United States Patent and Trademark Office

Reg. No. 3,353,295
Registered Dec. 11, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# IRONCLAD

IRONCLAD PERFORMANCE WEAR CORP. (CA-LIFORNIA CORPORATION)
2201 PARK PLACE, SUITE 101
EL SEGUNDO, CA 90245

FOR: TOOL BELTS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 2-0-2006; IN COMMERCE 2-0-2006.

FOR: KNEEPADS, PROTECTIVE CLOTHING, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-0-2005; IN COMMERCE 5-0-2005.

FOR: GLOVES, HATS, JACKETS, PANTS, SHIRTS, SHORTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-0-1998; IN COMMERCE 8-0-1998.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-497,598, FILED 10-11-2004.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

EXHIBIT 2
PAGE 15

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana R. Pfaelzer and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV13- 1806 MRP (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: David A. Dillard, CA Bar # 97,515
david.dillard@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, CA  91203
626/795-9900 (T); 626/57-8800 (F)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IRONCLAD PERFORMANCE WEAR CORPORATION,
a California corporation

                                            PLAINTIFF(S)

                    v.

ABEL UNLIMITED, INC., a Florida corporation

                                            DEFENDANT(S) .

CASE NUMBER

CV13-01806 MRP(JEM)

**SUMMONS**

TO:   DEFENDANT(S):

       A lawsuit has been filed against you.

       Within ⟨21⟩ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, David A. Dillard, CHRISTIE, PARKER & HALE, LLP , whose address is 655 N. Central Avenue, Suite 2300, Glendale, CA  91203, (626) 795-9900 (T) . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                            Clerk, U.S. District Court

Dated:   MAR 1 3 2013                       By: _____

                                                   MARILYN DAV...

                                                   Deputy Clerk

                                                   *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11                        **SUMMONS**

                                                                           CCD-1A

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS  ( Check box if you are representing yourself ☐ ) | DEFENDANTS  ( Check box if you are representing yourself ☐ ) |
|---|---|
| IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation, | ABEL UNLIMITED, INC., a Florida corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| DAVID A. DILLARD, CA Bar No. 97,515<br>CHRISTIE, PARKER & HALE, LLP<br>655 N. Central Avenue, Suite 2300<br>Glendale, CA  91203, (626) 795-9900 (T) / (626) 577-8800 (F) | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

CLASS ACTION under F.R.Cv.P. 23:  ☐ Yes ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Trademark and Trade Dress Infringement
15 U.S.C. Sections 1114(1), 1125(a); 15 U.S.C. 1125; 15 U.S.C. 25(a)

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number:  **CV13-01806**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _~signature~_   DATE: March 13, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |