David A. Dillard (SBN 97515)
david.dillard@cph.com
CHRISTIE, PARKER & HALE, LLP
655 North Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone:   (626) 795-9900
Facsimile:    (626) 577-8800

Attorneys for Plaintiff and Counter-Defendant
IRONCLAD PERFORMANCE WEAR CORPORATION

Lena N. Bacani (SBN 213556)
lbacani@foxrothschild.com
FOX ROTHSCHILD LLP
1055 West Seventh Street, Suite 1880
Los Angeles, CA 90017-2544
Telephone:   213-624-6560
Facsimile:    213-622-1154

Attorneys for Defendant and Counterclaimant,
ABEL UNLIMITED INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>ABEL UNLIMITED INC., a Florida corporation,<br><br>Defendant. | Case No.: CV-13-01806-SJO-JEM<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Hon. S. James Otero<br>Hon. John E. McDermott<br><br>Date Complaint Filed:   3/13/13<br>Discovery Cutoff:          12/2/13<br>Trial Date:                    4/1/14 |
| ABEL UNLIMITED INC., a Florida corporation<br><br>Counterclaimant,<br><br>v.<br><br>IRONCLAD PERFORMANCE WEAR CORPORATION, a California corporation,<br><br>Counterclaim-Defendant. | |

1

## DEFINITIONS

1.       As used in this Protective Order,

a.       "Designating Party" means any Person who designates Material as Confidential Material.

b.       "Discovering Counsel" means counsel of record for a Discovering Party.

c.       "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

d.       "Confidential Material" refers to those materials designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as defined in Paragraph 2 below, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations, or presentations that might reveal Confidential Material.

e.       "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

f.       "Party" means the Parties to this action, their attorneys of record and their officers, directors, employees, in-house attorneys, consultants, support staff, and agents.

g.       "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

h.       "Producing Party" means any Person who Provides Material during the course of this action.

i.       "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

[PROPOSED] PROTECTIVE ORDER

## CONFIDENTIAL DESIGNATIONS

2. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

     a. <u>Confidential.</u> A Producing Party may designate as "CONFIDENTIAL" any material that the Producing Party considers in good faith to contain or disclose commercially sensitive and/or proprietary information not otherwise known or available to the public. By way of non-limiting example, documents in one or more of the following categories may qualify for the CONFIDENTIAL designation: (i) data sheets, product specifications or other non-public, non-commercially sensitive technical information; (ii) personnel files; (iii) information that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person; or (iv) any other non-public, non-commercially sensitive information. The following are examples of information that is not considered confidential: (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

     b. <u>Restricted Confidential – Outside Attorneys Eyes Only.</u> The Producing Party may designate as "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," documents Parties contend contain or disclose materials which they in good faith believe to be of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed. By way of non-limiting example, documents in one or more of the following categories may qualify for the "Confidential – Outside Attorneys' Eyes Only" designation: (i) commercially sensitive research and development, technical, testing or engineering; (ii) commercially sensitive financial information

**[PROPOSED] PROTECTIVE ORDER**

ACTIVE 23240291v1 11/15/2013

(e.g., the number of products sold, total dollar value of sales products, sales forecasts, and profit margins); (iii) commercial agreements, settlement agreements or settlement communications; (iv) customer lists and other non-public information of similar competitive and business sensitivity; (v) commercially sensitive business and/or marketing plans, including, without limitation, trade secrets, pricing information, product development information; (vi) price lists and/or pricing information; (vii) information obtained from a non-party pursuant to a current non-disclosure Non-Disclosure Agreement ("NDA"); and (viii) non-public communications (including email) regarding topics relating to items (i)-(vii).

c.      The Producing Party may not use "CONFIDENTIAL" and/or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designations to conceal the identity of potential parties to the litigation, such as manufacturers, distributors, importers, retailers and others in the supply chain of the alleged infringing goods.

3.      A Producing Party shall stamp as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this Order. A Producing Party may designate Confidential Material for Protection under this order by either of the following methods:

a.      By physically marking it with the following inscription prior to Providing it to a Party:

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

or

RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
SUBJECT TO PROTECTIVE ORDER

b.      By identifying with specificity in writing to the Discovering Party any previously Provided Material which was not designated as Confidential Material

prior to its having been Provided. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

All costs associated with the designations of materials as "Confidential" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" involving, for example, the cost of binding confidential portions of deposition transcripts, shall be initially borne by the Party making the designation with no prejudice regarding the Designating Party's ability to recover its costs upon completion of the litigation.

The designation of documents as "Confidential" or "RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" does not entitle the parties to have those documents filed under seal. An application, including a stipulated application to filed documents under seal must comply with Local Rule 79-5.

## **RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

4. Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described

ACTIVE 23240291v1 11/15/2013

in Paragraph 7 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Confidential Material designated as RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 8 of this Protective Order.

5.      Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 7 or 8 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

6.      All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 7 or 8 of this Protective Order.

7.      For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

a.      Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

b.      In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff.

c.      Court and deposition reporters and their staff.

d.      The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL.

[PROPOSED] PROTECTIVE ORDER

e.      Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 11-13.

f.      Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 9-10.

g.      Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

h.      Professional Vendors that provide litigation support services and their employees and subcontractors (e.g. photocopying, videotaping, translating, professional jury consulting, preparing exhibits or demonstrations, storing data in any form or medium, etc.);

i.      Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

j.      Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

k.      Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

8.      For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose confidential financial Material designated as RESTRICTED

7

ACTIVE 23240291v1 11/15/2013

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

a.    Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff.

b.    Court and deposition reporters and their staff.

c.    The Court and any person employed by the Court whose duties require access to Material designated as ATTORNEYS' EYES ONLY.

d.    Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in paragraphs 11-13.

e.    Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in paragraphs9-10.

f.    Any Person identified on the face of any such Material designated as RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY as an author or recipient thereof; and

g.    Any Person who is determined to have been an author and/or previous recipient of the Material designated as RESTRICTED CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

h.    Any Person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

For the avoidance of doubt, materials designated RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY may not be disclosed to anyone in subparagraphs 7(b)(In-House Counsel or their employees), (g) (officers, directors, or other employees of a Party), or (h) (Professional Vendors).

[PROPOSED] PROTECTIVE ORDER

## UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

9.      Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 7(f), 7(g), or 8(e) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read Paragraphs 1 and 4-10 (including the subparagraphs where applicable) of the Protective Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 7(f), 7(g), or 8(e) to whom Discovering Counsel discloses Confidential Material.

10.      The individuals designated in subparagraph 8(f) – (h) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, or the contents thereof, to any directors, officers, or employees of the company for which the individual is employed, or to any other persons not authorized under this Protective Order to receive such information. The designated individuals in subparagraph 8(f) – (h) shall retain all RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

## DEPOSITIONS

11.      Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 7 of this Protective Order to view such Confidential Material.  During those portions of depositions in which Material

[PROPOSED] PROTECTIVE ORDER

1    designated  RESTRICTED CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

2    ONLY is used or inquired into, only those persons authorized under Paragraph 8 to

3    view such Materials may be present.

4          12.    Counsel for any deponent may designate testimony or exhibits as

5    Confidential Material by indicating on the record at the deposition that the testimony

6    of the deponent or any exhibits to his or her testimony are to be treated as Confidential

7    Material. Counsel for any Party may designate exhibits in which that Party has a

8    cognizable interest as Confidential Material by indicating on the record at the

9    deposition that such exhibit(s) are to be treated as Confidential Material. Failure of

10   counsel to designate testimony or exhibits as confidential at deposition, however, shall

11   not constitute a waiver of the protected status of the testimony or exhibits. Within

12   fourteen (14) calendar days of receipt of the transcript of the deposition, or fourteen

13   (14) days of the date on which this Protective Order becomes effective, whichever

14   occurs last, counsel shall be entitled to designate specific testimony or exhibits as

15   Confidential Material. If counsel for the deponent or Party fails to designate the

16   transcript or exhibits as Confidential within the above-described fourteen (14) day

17   period, any other Party shall be entitled to treat the transcript or exhibits as non-

18   confidential material. For purposes of this Paragraph 12, this Protective Order shall be

19   deemed "effective" on the date on which it has been executed by all counsel for the

20   Parties.

21          13.    When Material disclosed during a deposition is designated Confidential

22   Material at the time testimony is given, the reporter shall separately transcribe those

23   portions of the testimony so designated, shall mark the face of the transcript in

24   accordance with Paragraph 3 above, and shall maintain that portion of the transcript or

25   exhibits in separate files marked to designate the confidentiality of their contents. The

26   reporter shall not file or lodge with the Court any Confidential Material without

27   obtaining prior written consent from the Party who designated the Material as

28   Confidential Material. For convenience, if a deposition transcript or exhibit contains

**[Proposed] Protective Order**

repeated references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

14.     If any Party or non-party seeks to file or lodge with the Court any Confidential Material, such materials shall be submitted to the Court in accordance with the procedures set forth in Local Rule 79-5.1. No documents may be filed or lodged under seal absent a court order pertinent to the specific document(s).  If a Party wishes to file or lodge documents under seal, the other Party shall not unreasonably withhold agreement to such procedure. If an agreement is reached, the Parties shall submit to the Court a Stipulation and Proposed Order for such filing or lodging under seal. If no such agreement is reached, then the proponent of lodging or filing under seal shall submit an Application and Proposed Order pursuant to Local Rule 79-5.1.

## OBJECTIONS TO DESIGNATION

15.     Timing of Challenge.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

16.     Meet and Confer Requirement.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may

1   proceed to the next stage of the challenge process only if it has engaged in this meet

2   and confer process first.

3         17.   <u>Judicial Intervention.</u>  A Party that elects to press a challenge to a

4   confidentiality designation after considering the justification offered by the

5   Designating Party may file and serve a motion under Local Rules 37-1 and 37-2 (and

6   in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

7   material and sets forth in detail the basis for the challenge.  Each such motion must be

8   accompanied by a competent declaration that affirms that the movant has complied

9   with the meet and confer requirements imposed in the preceding paragraph and that

10   sets forth with specificity the justification for the confidentiality designation that was

11   given by the Designating Party in the meet and confer dialogue.  The burden of

12   persuasion in any such challenge proceeding shall be on the Designating Party.  Until

13   the court rules on the challenge, all parties shall continue to afford the material in

14   question the level of protection to which it is entitled under the Designating Party's

15   designation.

16                             **<u>RETURN OF MATERIAL</u>**

17         18.   Within ninety (90) calendar days after the final settlement or termination

18   of this action, Discovering Counsel shall return or destroy (at the option and expense

19   of Discovering Counsel) all Materials provided by a Producing Party and all copies

20   thereof except to the extent that any of the foregoing includes or reflects Discovering

21   Counsel's work product, and except to the extent that such Material has been filed with

22   a court in which proceedings related to this action are being conducted. In addition,

23   with respect to any such retained work product and unless otherwise agreed to, at the

24   conclusion of this action, counsel for each Party shall store in a secure area all work

25   product which embodies Confidential Material together with all of the signed

26   undertakings they are required to preserve pursuant to Paragraph 9 above, and shall not

27   make use of such Material except in connection with any action arising directly out of

28   these actions, or pursuant to a court order for good cause shown. The obligation of this

**[PROPOSED] PROTECTIVE ORDER**

1  Protective Order shall survive the termination of this action. To the extent that

2  Confidential Materials are or become known to the public through no fault of the

3  Discovering Party, such Confidential Materials shall no longer be subject to the terms

4  of this Protective Order. Upon request, counsel for each Party shall verify in writing

5  that they have complied with the provisions of this paragraph.

6  ## SCOPE OF THIS ORDER

7  19.   Except for the provisions regarding post-trial or post-settlement return and

8  destruction of Material, or segregation of work product which embodies Confidential

9  Material, this order is strictly a pretrial order; it does not govern the trial in this action.

10  20.   Not later than seven days before trial in the action, Counsel agree to meet

11  and confer concerning the use at trial of Confidential Material.

12  21.   Nothing in this Protective Order shall be deemed to limit, prejudice, or

13  waive any right of any Party or Person (a) to resist or compel discovery with respect to,

14  or to seek to obtain additional or different protection for, Material claimed to be

15  protected work product or privileged under California or federal law, Material as to

16  which the Producing Party claims a legal obligation not to disclose, or Material not

17  required to be provided pursuant to California law; (b) to seek to modify or obtain

18  relief from any aspect of this Protective Order; (c) to object to the use, relevance, or

19  admissibility at trial or otherwise of any Material, whether or not designated in whole

20  or in part as Confidential Material governed by this Protective Order; or (d) otherwise

21  to require that discovery be conducted according to governing laws and rules.

22  22.   Designation of Material as Confidential Material on the face of such

23  Material shall have no effect on the authenticity or admissibility of such Material at

24  trial.

25  23.   This Protective Order shall not preclude any Person from waiving the

26  applicability of this Protective Order with respect to any Confidential Material

27  Provided by that Person or using any Confidential Material Provided by that Person or

28

**[PROPOSED] PROTECTIVE ORDER**

using any Confidential Material owned by that Person in any manner that Person deems appropriate.

24.   This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

25.   Even after termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.  However, the restrictions set out in the Protective Order shall not apply to any Material which:

     a.   At the time it is Provided is available to the public;

     b.   After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

     c.   The Discovering Party can show

         i.   Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

         ii.   Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

26.   If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

[PROPOSED] PROTECTIVE ORDER

## SUBMISSION TO COURT

27.     The Parties agree to submit this Protective Order to the Court for adoption as an order of the Court. The Parties reserve the right to seek, upon good cause, modification of this Protective Order by the Court.

DATED:  November 15, 2013          Respectfully submitted,

                                   CHRISTIE, PARKER & HALE, LLP

                                   By */s/ David A. Dillard*

                                        David A. Dillard

                                   Attorneys for Plaintiff
                                   IRONCLAD PERFORMANCE WEAR
                                   CORP.

DATED:  November 15, 2013          Respectfully submitted,

                                   FOX ROTHSCHILD, LLP

                                   By */s/ Lena N. Bacani*

                                        Lena N. Bacani

                                   Attorneys for Defendant
                                   ABEL UNLIMITED, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Date:  November 15, 2013

                                   Honorable  John E. McDermott
                                   United States Magistrate Judge

15

# **EXHIBIT A**

**UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Ironclad Performance Wear, Corp. v. Abel Unlimited, Inc.*. Case No.: CV-13-01806-SJO-JEM. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:          _____, 2013


City and State where sworn and signed:          _____


Signed:      _____          _____
                        [Print Name]                              [Signature]

**[PROPOSED] PROTECTIVE ORDER**

ACTIVE 23240291v1 11/15/2013